Case 4:19-cv-04231   Document 1-1   Filed on 10/28/19 in TXSD   Page 1 of 11

8/22/2019 3:59 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36201764
By: Carolina Salgado
Filed: 8/22/2019 3:59 PM

CAUSE NO. _____

Exhibit 1

| | | |
|---|---|---|
| JAMES ARTHUR, Plaintiff, § § § § v. § § WESTCHESTER SURPLUS § LINES INSURANCE COMPANY, § Defendant. § | | IN THE DISTRICT COURT<br><br>HARRIS COUNTY, TEXAS<br><br>\_\_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURES

Plaintiff James Arthur files this Original Petition and Requests for Disclosures complaining of defendant Westchester Surplus Lines Insurance Company, and would respectfully shows the Court as follows:

### I. DISCOVERY LEVEL AND RULE 47 STATEMENT

1.   Plaintiff respectfully requests that discovery be conducted in accordance with Discovery Level 2 under Tex. R. Civ. P. 4.3.

2.   Pursuant to Tex. R. Civ. P. 47(c)(4), Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000 and non-monetary relief.

### II. PARTIES

3.   Plaintiff James Arthur is an individual residing in Harris County, Texas, and may be served with any pleading or paper through the undersigned counsel.

4.   Defendant Westchester Surplus Lines Insurance Company is an insurance company doing business in Texas, but does not maintain a regular place of business in Texas and has not designated or maintained a registered agent for service of process in Texas. The causes of action in this lawsuit arise from Defendant's business activities in Texas. Defendant may be served through the Texas Department of Insurance (TDI), P.O Box 149104, Austin, Texas

Page 1 of 10

PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Certified Document Number: 86781209 - Page 1 of 10

78714. TDI shall then forward the citation to Westchester's home office, via certified mail, at 436 Walnut St., Philadelphia, Pennsylvania 19106, or in any other manner authorized by law.

### III.  NOTICE PURSUANT TO TEX. R. CIV. P. 193.7

5. Plaintiff hereby gives notice pursuant to TEX. R. CIV. P. 193.7 that documents produced by any party adverse to plaintiff will be used against the producing party.

### IV.  CONDITIONS PRECEDENT

6. Pursuant to TEX. R. CIV. P. 54, plaintiff pleads that all conditions precedent to filing this suit have been performed, have occurred, or are waived given the exigent circumstances.

### V. ALTERNATIVE PLEADING

7. Plaintiff pleads that all pleadings herein, if deemed inconsistent, are made and should be construed pursuant to TEX. R. CIV. P. 48.

### VI. EXPEDITED ACTION PROCESS - NO

8. This suit is not eligible for the expedited-actions process of TEX. R. CIV. P. 169 because Plaintiff seeks monetary relief aggregating more than $100,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees, and nonmonetary relief.

### VII. JURISDICTION AND VENUE

9. Venue is proper in Harris County, Texas, pursuant to Chapter 15 of the Texas Civil Practice & Remedies Code as: (i) this suit is brought in the county in which all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred; and (ii) this is a suit relating to an insurance contract on real property located in Harris County, Texas.

PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Certified Document Number: 86781209 - Page 2 of 10

10. Jurisdiction over defendants is proper because it issued an insurance policy covering the real property in question and conducts business in Harris County, Texas. Jurisdiction over this controversy is proper because Plaintiff's claims exceed the minimal jurisdictional requirements of the Court.

## VIII. FACTUAL BACKGROUND

11. Defendant issued a commercial general liability insurance policy to Plaintiff insuring the real property at 9527 Braeburn Glen Blvd., Houston, Texas, 77074 ("Property"), which policy was in force during all periods relevant to the claims in this lawsuit.

12. Defendant performed an inspection of the Property to ensure its insurability before issuing the insurance policy to Plaintiff, and also performed inspections after issuing the policy.

13. Plaintiff has always paid his premiums on time, and has never defaulted on his obligations to Defendant.

14. Defendant denied a series of property damage claims submitted for the Property.

15. The first claims related to storm damage (hail, wind, rain) to the roof and building that occurred on or about April/May 2017, which caused water to leak into the home.

16. The tenant at the time of Claim No. 1 began its lease in October 2016, but vacated the home via written notice in June 2017, specifically due to water leaks caused by the storm.

17. The leaks were found by an independent contractor to be caused by the April/May 2017 storm.

18. The water leaks did not exist prior to the storm— as tenant and plaintiff witnessed, and as Defendant's own pre- and post-policy inspections disclosed.

19. Plaintiff submitted a claim for April/May 2017 storm damages on June 23, 2017.

20. Defendant admits that it failed to perform an inspection until July 18, 2017, nearly a whole month after Claim No. 1 was submitted.

21. Although Defendant preformed an inspection of the Property incident to the Claim No. 1, Plaintiff does not have record that Defendant's report was provided to him, or that a coverage determination was communicated to him.

22. Defendant claims that it did in fact provide a report and coverage determination on August 22, 2017, but Plaintiff does not have record of receiving same.

23. Defendant's purported August 22, 2017, coverage determination denied coverage for the roof damages for the sham reasons of prior wear and tear and/or defective maintenance; however Defendant had recently inspected the Property and approved it for coverage, and also had asked Plaintiff to perform repairs to the roof, which were duly performed.

24. The second policy claim (Claim No. 2) surfaced in August 2017 due to Hurricane Harvey damages to the Property. Approximately 4 months after Claim No. 2 was submitted to Defendant, Defendant finally performed an inspection of the Property, in December 2017.

25. On January 24, 2018, Defendant denied Claim No. 2.

26. Although the reasoning behind the coverage denials is not entirely clear from Defendant's correspondence, it is appears that Defendant believes the water damages caused during Harvey were from a "preexisting condition" on the roof.

27. Of course, the preexisting condition on the roof was created by the April/May 2017 storm damage outlined in Claim No. 1, which is a covered claim, that Defendant investigated and apparently denied (although Plaintiff does not have record of this denial).

28.     Plaintiff notified Defendant in writing of the factual and legal bases for its claim to coverage, and requested reconsideration of the denials, but Defendant has failed and refused to promptly investigate the claims, the improperly denied coverages and refused reconsideration.

29.     Presuit Demand under applicable law was sent to Defendant on March 19, 2019, notifying it of its improper bad faith claim handling and coverage determinations which constitute consumer protection violations. Defendant has refused to reconsider its methods or coverage denials. As a result of the wrongful acts and omissions of Defendant, Plaintiff has been damaged and has lost significant value in the Property and the use and enjoyment of the Property, and these damages are ongoing.

30.     Because Defendant has failed and will likely continue to fail to fully and timely acknowledge Plaintiff's claims, Plaintiff is required to file the instant suit to enforce and assert all rights it may have, including without limitation, collection of all damages, exemplary damages, and recovery of all reasonable attorneys' fees expended toward obtaining proper enforcement of Plaintiff's insurance coverages.

31.     Plaintiff incorporates the allegations above, as if more fully set out herein, for the below causes of action.

## IX. CAUSES OF ACTION

### A. Breach of Contract, Fraud, Negligent Misrepresentation

32.     The insurance policy is a valid and existing contract by and between Plaintiff and Defendant. Defendant breached the contract by failing to promptly investigate the claims, and by failing to provide coverage although coverage was reasonably established under the relevant policies and there was no reasonable basis to deny the claims. Defendant willfully and wrongfully rejected Plaintiff's claim although coverage or liability was reasonably clear.

33. Defendant required Plaintiff to perform certain repairs to the Property and pay a policy premium as preconditions to coverage, and all such preconditions were duly performed by Plaintiff, yet Defendant refuses coverage. Such act/omissions by Defendant constitute fraud and/or negligent misrepresentation, and breach of contract, which damaged Plaintiff.

### B. Breach of Duty of Good Faith and Fair Dealing

34. Defendant owes Plaintiff a duty of good faith and fair dealing due to the special relationship that exists between the insurer and its insured. Defendant breached this duty and damaged Plaintiff by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claims although Defendant's liability had become reasonably clear.

### C. Violations of Texas Insurance Code: Texas Insurance Code 541.060 - Unfair Settlement Practices; Texas Insurance Code §542.051-061 - Prompt Payment of Claims

35. Defendant's conduct amounts to an unfair settlement practice for failure to timely investigate or promptly pay the claims, in violation of Texas Insurance Code. Defendant misrepresented facts and policy provisions and failed in good faith to attempt to settle claims on which liability had become reasonably clear. In addition, Defendant failed to promptly investigate the claims and provide the policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its denial of a claim(s). Defendant did not timely investigate the claims or timely issue a reservation of rights. Defendant ignored material information provided to it and has refused to pay these claims without conducting a reasonable investigation with respect to each claim.

36. Although the policy clearly provides coverage for the precise storm damages caused by Claim Nos. 1 and 2, Defendant unlawfully failed to pay policyholder its rightfully owed policy coverages pursuant to the policy, and thus violated §542.057 and §542.058 of the Texas Insurance Code.

Certified Document Number: 86781209 - Page 6 of 10

37. These violations of the Texas Insurance Code have damaged Plaintiff and illustrate Defendant's failure to comply with its contractual and fiduciary obligations.

38. Plaintiff seeks treble damages, attorneys' fees, and litigation costs for showing a violation of the Texas Insurance Code by Defendant.

39. Because of Defendant's wrongful delay, false statements, and bad faith claim denial, Defendant must pay, in addition to the amount of Plaintiff's claim, a penalty of 18% of the claim amount, plus attorneys' fees. Tex. Ins. Code §542.060. Defendant's actions/omissions also constitute violations of several provisions of the Texas Insurance Code including §541.003, §541.051, 060, 061; and §542.054, 055-058.

### D. Violations of Deceptive Trade Practices Act

40. Defendant's misrepresentations, fraud, and violations of Texas Insurance Code constitute violations of the Texas Deceptive Trade Practices Act (DTPA). Further, Defendant's conduct was done knowingly and intentionally, and therefore Plaintiff seeks treble damages as allowed pursuant to the DTPA.

41. The damages to the Property asserted in Claim No. 1 were undisputedly caused by the storms in April/May of 2017, per statements from the policyholder, the tenant, and an expert contractor. Defendant's own inspections disclosed that prior to the April/May 2017 storms, no roof damage was present and no water leaked inside the home. The damages in Claim No. 1 were covered by the policy, and the claim was promptly communicated to Defendant, but Defendant failed to promptly investigate, to respond to the claims, or to provide coverage although its liability was reasonably clear.

42. Claim No. 2 was not promptly investigated as required by contract and law. Defendant failed to investigate Claim No. 2 for 4 months while damages to the Property were

Certified Document Number: 86781209 - Page 7 of 10

ongoing and compounding. By the time Defendant's untimely investigation occurred, the damages from Claim No. 1 and Claim No. 2 had substantially further deteriorated the Property.

43.     Deceptive Trade Practice – Consumer Protection Act: Defendant's conduct violates at least the following sections of Deceptive Trade Practice-Consumer Protection Act, Texas Business & Commerce Code §17.46(b) in one or more ways by :  (2) causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services; (5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not; (7)  representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; (12)  representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; (24) failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

44.     Pursuant to Texas Business & Commerce Code §17.50(a), Defendant likewise violated the "tie in" statutes of the DTPA for its violations of Texas Insurance Code §541.051 (Misrepresentation Regarding Policy or Insurer), §541.060 (Unfair Settlement Practices), and §541.061 (Misrepresentation of Insurance Policy).

45.     Defendant also breached express and implied warranties related to the performance of its contractual obligations, and engaged in an unconscionable action or course of action, in violation of Texas Business & Commerce Code §17.50(2) and §17.50(3), respectively.

46. As a result of Defendant's violations of these consumer protection statutes, Plaintiff has suffered and continues to suffer additional damages to his physical and mental health. Plaintiff seeks to recover economic damages and mental anguish damages, and attorneys' fees and costs.

### E. Exemplary/Punitive Damages

47. Pursuant to TEX. CIV. PRAC. & REM. CODE §41.003, Plaintiff seeks an award of exemplary damages against Defendant due to Defendant's fraudulent and malicious conduct.

48. Plaintiff seeks an award of exemplary/treble damages against Defendant for its violations of the Texas Deceptive Trade Practices Act and Texas Insurance Code.

49. Defendant's conduct was outrageous, malicious, or otherwise morally culpable, entitling Plaintiff to an award of exemplary damages to deter such conduct in the future

### E. Claim for Attorneys' Fees

50. Plaintiff is entitled to recover reasonable and necessary attorneys' fees for the prosecution of these claims pursuant to TEX. CIV. PRAC. & REM. CODE 38.001 (breach of contracts), TEX. BUS. & COMM. CODE §17.50(d) (DTPA), and the Texas Insurance Code §541 and §542. In addition, Plaintiff has expended, to date, significant amounts of attorneys' fees and costs related to Defendant's actions and inactions, for which Plaintiff seeks recovery under principles of equity, along with all future attorneys' fees and costs incurred enforcing plaintiff's claims.

### X. Requests for Disclosure

51. Plaintiff requests that defendant disclose all information and materials specified in TEX. R. CIV. P. 194.2(a)-(l) within 50 days of service of this pleading.

## XI. Prayer

52.     WHEREFORE, based on the foregoing, Plaintiff respectfully requests that Defendant be cited to appear and answer and that upon trial of this matter, the Court enter judgement in Plaintiff's favor for:

 a. All economic, actual, and future and past mental anguish damages caused by Defendant;

 b. Treble, multiple, and exemplary damages as pleaded herein;

 c. Reasonable and necessary attorneys' fees incurred;

 d. Expert witness fees and costs of copies of depositions;

 e. Costs of court;

 f. Prejudgment and post judgment interest in the maximum lawful amounts;

 g. All other relief, in law and in equity, to which plaintiff may show itself to be justly entitled.

Respectfully Submitted:
\s\ James O. Okorafor
James O. Okorafor
SBOT # 15241710
10101 Fondren, Suite 260
Houston, Texas 77096
TEL No: (713) 839-9700; email: laws@joolaws.com
*Attorney for Plaintiff James Arthur*



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   October 28, 2019


Certified Document Number:        86781209 Total Pages:  10


*Marilyn Burgess* (signature)

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS


**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**